8119

NO. 8119.

NATIONAL CANDY CO

VS

NEW ORLEANS CAN CO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

*Court of Appeal*
*PARISH OF ORLEANS*
*FILED MAY 14/21*
*A. Stansbury*

8119

## OPINION.

By his Honor John St. Payl, Judge.

On May 6th 1915 plaintiff and defendant, each acting through its own general manager, entered into a contract by which the latter was to furnish and the former was to take, at certain prices, all the tin cans the former might need in its business from said date until June 1st 1917.

On June 3rd 1916 one Kenneth J. Leach, a travelling salesman in the employ of defendant, with no other authority but to take orders for immediate shipment, and solicit "contracts" subject to approval by his superior officers, executed a contract with plaintiff which was word for word and figure for figure the same as the contract of May 6th 1915, except as to date of execution and date of expiration; which latter date was fixed at June 1st 1918, that is to say, one year beyond the expiration fixed by the contract of May 1915; thus making the two contracts overlap for the year between June 1st 1916 and June 1st 1917, and in effect extending the first contract for one year, towit, from June 1st 1917 to June 1st 1918.

This contract of June 3rd 1916 was executed in duplicate, as follows: One copy, retained by the plaintiff, was signed on behalf of plaintiff by its manager, and

100

"accepted" for the defendant by Leach as "Assistant Sales Manager"; and the other copy, signed by plaintiff, but unsigned by Leach, and containing a blank space calling for acceptance by defendant's "General Manager", was sent or delivered by Leach to defendant without further information; nor did plaintiff make mention thereof at that time nor for a year afterwards.

So that defendant's general manager took the paper to be a mere "offer" to renew in advance for another year the existing contract, which still had a year to run; and therefore merely laid it aside for future consideration, but never accepted it.

## I.

Of course, as regards third persons, the authority of an agent is measured not alone by his instructions, but also by the apparent scope of his duties. Clarke Co vs Mc Guirk, 11 Orleans App. 6. But no matter how extensive the apparent scope of an agent's authority may be, it is always limited by this, that the contract which he makes for his principal must appear reasonable in the light of the circumstances under which it is made. Kramer vs Dixie Laundry Co, 8 Orleans App. 284.

101

And in view of the fact that, by reason of the great
war then gaging in Europe, the price of tin plate had already
risen so as to make even the existing contract an unprofit-
able one, and was almost certain to rise still further,
we think it was unreasonable that any one should have then *supposed*
that another person had given to an agent, especially a
subordinate, unlimited authority to bind him for prices
thereon from one to two years in advance, with practical
certainty of loss resulting therefrom. In other words,
Leach had no authority to close such a contract, nor had
plaintiff any reasonable ground for then thinking that he had

II.

It is said ~~herein~~ that defendant is bound because it
failed to repudiate the new contract when it was first
received, and did so only one year afterwards, towit, after
the expiration of the first contract. Citing, 7 N. S. 143;
11 La 288; 3 An 468; 41 An 425. But the answer to this is,
as we have said, that defendant did not know that Leach
had undertaken to close a contract in its behalf, and hence
it was not called upon to repudiate something of which it
had no knowledge; but, as said by the District Judge, "it
was repudiated instantly when sought to be enforced", at

102

which time defendant first learnt that Leach had undertaken

to bind it by signing the contract in its behalf.

The judgment appealed from is therefore affirmed.